UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA COMEIN, MARGARET A. SELTZNER, ALISON BROTHEN, PAULA A. SMOTHERS, and HENRIETTA L. TURNER, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | No. 11 C 5766 |
| v. ) ) | Judge Joan H. Lefkow |
| THE CITY OF COUNTRY CLUB HILLS, VINCENT LOCKETT and STEVEN BURRIS, ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Henrietta L. Turner, along with Wanda Comein, Margaret A. Seltzner, Alison Brothen, and Paula A. Smothers, filed this case against the City of Country Club Hills ("CCH"), Vincent Lockett and Steven Burris ("defendants"), alleging race discrimination in employment in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* CCH has moved for summary judgment [dkt. 69], seeking dismissal of Turner from the lawsuit based on her failure to disclose this lawsuit when she later filed a voluntary petition in bankruptcy.[1] For the reasons stated below, CCH's motion is denied.

---

[1] The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and venue is appropriate under 28 U.S.C. § 1391(b).

## BACKGROUND[2]

On August 22, 2011, Turner filed the present suit in this court. ("The present suit" or "this case" refers to the pending civil rights claim. The bankruptcy case will be identified as such.) On June 30, 2012, Turner filed a voluntary petition for adjustment of debts under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 et seq. The case remains pending in the bankruptcy court, case number 12-26514. Turner is represented by separate counsel in connection with the two cases.

The forms used for filing the petition required that Turner identify all of her personal property, including "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims." Def. L.R. 56.1 ¶ 5. Turner, declaring under penalties of perjury that the information provided in her voluntary petition was true and correct, entered "None" in response to this item. *Id*. ¶¶ 5,7, 8. The petition additionally required Turner to identify any "[s]uits and administrative proceedings, executions, garnishments and attachments" filed in the year preceding the petition. *Id*. ¶ 10. Again, Turner indicated that none existed although she had filed the present lawsuit and a charge of discrimination against the Village of Sauk Village with the Illinois Department of Human Rights ("IDHR") and was a defendant in two lawsuits pending in the Circuit Court of Cook County.

---

[2] The facts in the background section are taken from the parties' Local Rule 56.1 statements of fact and construed in the light most favorable to Turner. Statements of fact unsupported by admissible evidence will not be considered. In accordance with its regular practice, the court has considered the parties' specific objections and responses and has included in this background section only those portions of the Local Rule 56.1 statements and responses that are appropriately presented, supported, and relevant to the resolution of this motion.

On July 9, 2012, Turner filed a Chapter 13 Plan. The Plan was modified on September 12, 2012,[3] and on September 17, 2012 the bankruptcy court confirmed the Plan without knowledge that this case was pending. On January 3 or January 4, 2013, Turner informed her counsel about the present lawsuit. On January 11, 2013, CCH filed the pending motion for summary judgment.

On January 23, 2013, Turner amended her bankruptcy schedules to reflect the present lawsuit, estimating its potential value at $250,000 and, on February 12, 2013, she amended her bankruptcy schedules again to identify the charge she filed with the IDHR and the two other lawsuits where she was named as a defendant. On February 25, 2013, the bankruptcy court entered an order modifying the Plan "to state that the Debtors will tender any non-exempt proceeds from any lawsuits to the Chapter 13 Trustee as an additional plan payment." *In re Marc A. Turner and Henrietta L. Turner*, No. 12-26514, Dkt. 31 (Bankr. N.D. Ill.).

In response to CCH's motion for summary judgment, Turner also included a declaration that her nondisclosure was inadvertent, in that Turner did not know that she needed to list current civil cases in her bankruptcy petition and did not recall her bankruptcy attorney's asking her about pending civil actions. Her declaration further provided that Turner was seeking recovery from CCH not for her own benefit but, rather, for the bankruptcy estate. If Turner recovers in the present case, her declaration stated, she understood that her creditors would receive these funds and that she cannot recover personally until allowed to do so by the bankruptcy court.

---

[3] The court may take judicial notice of the court filings in Turner's bankruptcy case. *See In re Consol. Indus. Corp.*, 397 F.3d 524, 527 (7th Cir. 2005).

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia*, 216 F.3d at 598–99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

CCH argues that Turner lacks standing to bring the present suit because it is the property of her bankruptcy estate. CCH further argues that the doctrine of judicial estoppel precludes Turner from maintaining this suit based on her failure to disclose it to the bankruptcy court when she filed her petition. Turner responds that she has standing to bring this law suit because it is

being pursued for the benefit of her bankruptcy estate, and applying judicial estoppel in this case would be inequitable.

**I.       Standing**

As it is a jurisdictional requirement that must be present at every stage of litigation, the court must determine whether Turner has standing to bring this lawsuit. *See Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed 2d 351 (1992); *Parvati Corp.* v. *City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010). The Bankruptcy Code provides that upon the filing of a bankruptcy petition, the debtor's property (including legal claims) becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). A Chapter 13 debtor (or debtor-in-possession[4]) remains in possession of the property of the estate, *see* 11 U.S.C. §§ 1303, 1306(b), and has standing to pursue claims for the benefit of the estate. *See* Fed. R. Bankr. P. 6009; *Cable* v. *Ivy Tech State College*, 200 F.3d 467, 472–473 (7th Cir. 1999). Since Turner's Plan has been modified to reflect that any non-exempt proceeds will be tendered to the trustee for distribution to creditors, she is unquestionably bringing the claims on behalf of her bankruptcy estate. As such she has standing to pursue her claims in this court.

**II.      Judicial Estoppel**

Even if Turner has standing, CCH argues, the doctrine of judicial estoppel should preclude her from bringing the present lawsuit because she should not be allowed to benefit from her initial nondisclosures.

---

[4] Although Chapter 13 does not use the term "debtor-in-possession," courts have used the term to describe Chapter 13 debtor's based on the fact that the debtor retains possession of the bankruptcy estate's property. *See* 11 U.S.C. § 1101; *Lujano* v. *Town of Cicero*, No. 07 C 4822, 2012 WL 4499326, at *8 n.5 (N.D. Ill. Sept. 28, 2012).

5

Judicial estoppel is an equitable doctrine used in the court's discretion to prevent litigants from gaining by taking inconsistent positions in separate proceedings. *See, e.g.*, *Cannon-Stokes* v. *Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Courts may apply the doctrine where "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose and unfair detriment on the opposing party if not estopped." *United States* v. *Christian*, 342 F.3d 744, 747 (7th Cir. 2003).

Plainly, the later position (that Turner had no potential litigation that would benefit the estate) is inconsistent with the facts that she alleges in the present case (that she is entitled to a judgment for monetary damages), and the nondisclosure may have affected the trustee's estimate of resources anticipated to be available for payment into the Plan. It is well settled that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes* v. *Potter,* 453 F.3d 446, 448 (7th Cir. 2006). Moreover, "bad legal advice does not relieve the client of the consequences of her own acts. A lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow." *Id.* at 449. But where a bankruptcy case remains open, the nondisclosure can be corrected to avoid the inequity entailed in allowing a debtor to benefit while the creditors are forced to accept less than is owed. *See Rainey* v. *United Parcel Serv., Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012) ("But as long as the bankruptcy proceedings are ongoing–which is now the situation as to [the debtor]–a Chapter 13 debtor can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to

abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval."); *Lujano*, 2012 WL 4499326, at *9. Normally, "[p]reventing [such a debtor] from bringing his claims would undermine the interests of his creditors[.]" *Rainey*, 466 F. App'x at 545.

This is particularly appropriate where, as here, the debtor's inadvertence or mistake, as opposed to intentional concealment designed to mislead, is the reason for nondisclosure in a bankruptcy petition. *See New Hampshire* v. *Maine*, 532 U.S. 742, 753, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) ("We do not question that it may be appropriate to resist application of judicial estoppel where a party's prior position was based on inadvertence or mistake.") (internal quotation marks omitted); *Lujano*, 2012 WL 4499326, at *10 ("[C]ourts should not apply the doctrine where the debtor's failure to disclose was the result of mistake or inadvertence. Instead, estoppel is to be applied where intentional self-contradiction is being used as a means of obtaining an unfair advantage.") (internal citations, quotation marks, and brackets omitted).[5] CCH has no evidence suggesting that Turner's nondisclosure was in bad faith and points to no unfair advantage that would accrue to her were she to be allowed to proceed here, so long as the litigation inures to the benefit of the estate.

Where the creditors will not be prejudiced by her initial wrongdoing and will benefit if she wins this case, equity favors allowing her to proceed even if Turner ultimately benefits as well (should a recovery exceed the amount owed to creditors). Indeed, the Seventh Circuit has

---

[5] CCH argues that Turner's subjective intent is irrelevant, citing *Calvin* v. *Potter*, No. 07 C 3056, 2009 WL 2588884, at *4 (N.D. Ill. Aug. 20, 2009) ("[The debtor] intimates that her failure to disclose her EEO claims and this lawsuit in her sworn financial statement and her Schedule of Personal Property was unintentional, but her subjective intent does not matter."). This statement is, however, not consistent with the Supreme Court's statements in *New Hampshire* and *Lujano*.

warned against applying the doctrine of judicial estoppel in such a situation. *See, e.g.*, *Biesek* v. *Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); *Cannon-Stokes*, 453 F.3d at 448 ("Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit."). Last, CCH has suffered no prejudice from Turner's failure to initially disclose her claims here in the bankruptcy proceedings, which is another factor that weighs against applying judicial estoppel. *See Dobrzeniecki* v. *Salisbury*, 11 C 7956, 2013 WL 500847, at *6 (N.D. Ill. Feb. 11, 2013). Accordingly, the court finds that the equities do not warrant applying judicial estoppel in the present case.

### III.  Participation of the Standing Trustee

Turner raises the issue regarding whether she needs to substitute the bankruptcy trustee as a party to the present suit. Because the Plan has been modified by order of the bankruptcy court, there is no need for the trustee to be a party to this litigation. *See*, *e.g.*, *Dobrzeniecki*, 2013 WL 500847, at **4-5.

### CONCLUSION AND ORDER

For the foregoing reasons, CCH's motion for summary judgment [dkt. 69] is denied.

ENTER:

Dated: September 26, 2013

_____
JOAN HUMPHREY LEFKOW
United States District Judge

8